**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION**

KEVIN EVETTE NELSON                                                                    PLAINTIFF
#654060

V.                                          NO: 4:11CV00467 SWW/HDY

DOC HOLLADAY *et al.*                                                                  DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan W. Wright.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge  (if such a  hearing is granted)  was not  offered at  the hearing before the Magistrate Judge.

1

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, currently at the Southwest Arkansas Community Correction Center in Texarkana, filed this *pro se se* complaint, pursuant to 42 U.S.C. § 1983, (docket entry #1), on June 7, 2011. Defendants are Pulaski County Sheriff Doc Holladay, Pulaski County Regional Detention Center guard Ablondi, and the Pulaski County Detention Facility.

## I.  Screening

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to

relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).  A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable.  *Twombly* at 570.  However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II.  Analysis

According to Plaintiff, he was eating brown beans at the Pulaski County Detention Center on October 30, 2010, when he bit into a rock and chipped his tooth.  Plaintiff told Ablondi, who was the guard on duty.  Ablondi told a sergeant, who took pictures and told Plaintiff he would be seeing a nurse.  A nurse came, and told Plaintiff he would see a dentist soon.  Two days later Plaintiff was transferred to the Southwest Community Correction Center in Texarkana, where he has seen a dentist three times, but the dentist there refuses to pull the tooth, because it is not believed to be an emergency.  Because Plaintiff has failed to state a claim for relief against any Defendant, his complaint should be dismissed.

To prevail on a claim relating to the conditions of his confinement, Plaintiff must show: (1) the condition was serious enough to deprive him of the minimal civilized measure of life's necessities, or to constitute a substantial risk of serious harm, and (2) officials were deliberately indifferent to his health and safety.  *Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir.1996); *Frye v. Pettis County Sheriff Dept.*, 41 Fed.Appx. 906 (8th Cir. 2002)(unpub. per curiam).

Plaintiff has made no factual allegations against Holladay, and appears to have named him

due to the fact that he is the sheriff, and is responsible for supervising activities at the detention facility. However, *respondeat superior* is not a basis of liability for § 1983 claims. *See Otey v. Marshall*, 121 F.3d 1150, 1155 (8th Cir. 1997)(no *respondeat superior* liability for § 1983 violations); *Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993)(prison officials and supervisors may incur liability only for their personal involvement in a constitutional violation or for corrective inaction that amounts to deliberate indifference or tacit authorization of unconstitutional practices). Plaintiff alleged no facts to suggest Holladay's personal involvement in a constitutional violation, or corrective inaction that amounts to tacit authorization of such a violation. Although Plaintiff described the role Ablondi had in the incident, none of the allegations support a claim that Ablondi was deliberately indifferent to risks to Plaintiff's health or safety. There is no claim that Ablondi caused the rock to be in the food, knew the rock was in the food, responded inappropriately when he was notified of Plaintiff's injury, or blocked treatment efforts for the chipped tooth. Rather, the facts alleged demonstrate that Ablondi called a supervisor, who notified a non-party nurse. Thus, the facts alleged do no state a claim for relief against Ablondi. Finally, the Pulaski County Detention Facility is not an entity subject to suit. *See Owens v. Scott County Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (county jails are not legal entities amenable to suit).

Even if, as Plaintiff asserts in his complaint, Defendants were negligent in allowing a rock to be in the food, or in failing to observe appropriate food safety practices, such negligence is not a civil rights violation. *Newman v. Holmes*, 122 F.3d 650, 652 (8th Cir.1997). Accordingly, Plaintiff has failed to state a claim upon which relief may be granted, and his complaint should be

dismissed.[1]

### III.   Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      Plaintiff's complaint be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

2.      This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

3.      The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this   23   day of June, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1]Although Plaintiff's complaint could be read as asserting a claim that he is currently receiving inadequate medical care for his chipped tooth, such a claim does not involve the Defendants here, and would appropriately be brought in a separate lawsuit against the medical personnel at his current facility.